IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BROOKLYNN DESIRAE FORBES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BG3 CAPITAL GROUP, LLC ) <br> d/b/a R Bar & Grill ) <br> ) <br> Defendant. ) | Case No. 23-cv-00418-SH |

## **OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss Plaintiff's amended complaint. Defendant primarily argues that Plaintiff has failed to state a claim, because she did not plead facts plausibly showing she satisfied a pre-suit notice requirement under the applicable statute. The Court finds the pre-suit notice requirement—to the extent it applies—is a condition precedent to suit and not an element of Plaintiff's claim. In any event, Plaintiff has adequately alleged an exception to the requirement.

Plaintiff, however, has failed to state a claim under an earlier, repealed statute. Defendant's motion will be granted as to any claims under the repealed statute but is otherwise denied.

### *Background*

Plaintiff Brooklynn Desirae Forbes ("Forbes") originally brought this suit asserting a single claim under the Fair Labor Standards Act § 7(r), 29 U.S.C. § 207(r). (ECF No. 2.) Forbes alleged that she was an employee of Defendant BG3 Capital Group, LLC d/b/a R Bar & Grill ("R Bar") from August 2022 to July 2023. (*Id.* ¶ 5.) Forbes gave birth in January 2023, returning to work that March. (*Id.* ¶ 6.) Upon her return, Forbes needed to use a breast pump twice each shift to express milk for her nursing child. (*Id.* ¶ 7.) R Bar

management provided an office for Forbes to pump but informed her that others could walk in the office if they needed access. (*Id.* ¶ 8.) Other employees walked in on her multiple times while she was pumping. (*Id.* ¶ 9.) Forbes further claimed R Bar management asked her to pump only during certain times and treated her "with hostility and animosity when she needed to pump." (*Id.* ¶ 10.) Plaintiff left employment in July 2023, due to these working conditions. (*Id.* ¶ 14.)

R Bar moved to dismiss Forbes' original complaint, pointing out Congress repealed § 207(r) on December 29, 2022—before Forbes' claim arose—and replaced it with the Providing Urgent Maternal Protections for Nursing Mothers Act, 29 U.S.C. § 218d (the "PUMP Act"). (ECF No. 9 at 1–2.) R Bar further argued that, under the PUMP Act, an employee must notify the employer of the alleged failure to provide a space to express breast milk and allow the employer 10 days to cure the alleged violation. (*Id.* at 2.) R Bar argued that Plaintiff failed to allege she provided such notification or that she met one of the exceptions to this notice requirement. (*Id.* at 2–4.)

Plaintiff then amended her complaint, adding a few substantive additions.[1] (ECF No. 15.) First, Plaintiff added a reference to the PUMP Act. (*Id.* ¶ 4.) Second, Plaintiff expanded her allegations about R Bar's office offer—now, Plaintiff alleges that the offer was made "long after employees' requests for an appropriate space"; R Bar stated "it would comply with Plaintiff's right to pump"; R Bar stated "in no uncertain terms" that Plaintiff had to let others into the office; and R Bar "monitored Plaintiff while pumping by a security camera in the office." (*Id.* ¶ 8.) The other allegations remain substantially the same as before. (*See id.* ¶¶ 5–10, 14.)

---

[1] The Court denied R Bar's original motion to dismiss as moot. (ECF No. 20.)

R Bar has again moved to dismiss, asserting Forbes failed to state a claim upon which relief could be granted, because she failed to allege she provided it with the required pre-suit notification. (ECF No. 21.)

*Analysis*

**I.     The PUMP Act**

Before turning to the applicable standard of review, the Court first examines the requirements of stating a claim under the PUMP Act. Under subsection (a)(2) of the Act, an employer shall provide—

> a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

29 U.S.C. § 218d(a)(2).

An employer who violates the PUMP Act "shall be liable for such legal or equitable relief as may be appropriate to effectuate" its purposes, including "employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." *Id.* § 216(b). The statute further allows an employee to file a private right of action in a court of competent jurisdiction. *Id.*

The Act, however, also imposes a partial precondition to filing suit. *See id.* § 218d(g) ("Notification prior to commencement of action").

> Except as provided in paragraph (2), before commencing an action . . . for a violation of subsection (a)(2), an employee shall--
>
> (A)   notify the employer . . . of the failure to provide the place described in such subsection; and
>
> (B)   provide the employer with 10 days after such notification to come into compliance with such subsection with respect to the employee.

*Id.* § 218d(g)(1).

This precondition is not absolute. As the statute makes clear, the notification requirement does not apply in cases in which—

    (A)  the employee has been discharged because the employee--

        (i)  has made a request for the break time or place described in subsection (a); or

        (ii)  has opposed any employer conduct related to this section; or

    (B)  the employer has indicated that the employer has no intention of providing the place described in subsection (a)(2).

*Id.* § 218d(g)(2).

Defendant, in its motion, assumes that the <u>elements</u> of a claim under § 216(b) for a violation of § 218d(a)(a) include satisfying the notice precondition <u>and</u> that Plaintiff must plead facts under Rule 8 plausibly showing she either satisfied the notification requirement or that the notification requirement was not required in her case.

The Court first addresses whether the notification requirement (or the excuse thereof) is a true element of the underlying cause of action, a separate condition precedent, or a pure affirmative defense.

## II.  Pre-Suit Notification is a Condition Precedent to Bringing a Statutory Claim

First, there is nothing in the structure or language of the PUMP Act that indicates that pre-suit notification is an <u>element</u> of Plaintiff's cause of action. Instead, the Act merely provides that an employer is liable if it violates the provisions of § 218d and that an employee can maintain an action to recover such liability. *Id.* § 216(b). The Tenth Circuit's treatment of other employment statutes comports with this conclusion. For example, when the Tenth Circuit lists the elements of a Title VII claim, the various pre-suit requirements are not listed. *See, e.g., Dick v. Phone Directories Co.*, 397 F.3d 1256, 1262–63 (10th Cir. 2005).

Instead, in the Title VII context, the Tenth Circuit has looked to whether pre-suit requirements are jurisdictional, a condition precedent, or a mere affirmative defense. So, for example, in *Montes v. Vail Clinic, Inc.*, the court looked at the time limit for filing a pre-lawsuit charge of discrimination with the EEOC—finding it to be a non-jurisdictional condition precedent rather than an affirmative defense. 497 F.3d 1160, 1167 (10th Cir. 2007). In making this decision, the court looked at the structure of the act, noting that the filing deadlines were "integrated into the statutory section that delineates the various other steps a prospective plaintiff must satisfy before being given the keys to the courthouse door to file a complaint." *Id.* at 1168. And it contrasted such a structure from situations where the cause of action is in one statute and pre-suit requirements (like exhaustion) are found in another. *Id.* (noting that the pre-suit exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e *et seq.*, is an affirmative defense). The Tenth Circuit reached a similar conclusion looking at the verification requirement for a Title VII charge—finding it to be a condition precedent.[2] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1041–42 (10th Cir. 2015). Such a condition precedent, while waivable by a

---

[2] In *Lincoln v. BNSF Railway Co.*, the Tenth Circuit rejected its prior precedent holding that the filing of an EEOC charge is a jurisdictional prerequisite to suit. 900 F.3d 1166, 1185 (10th Cir. 2018). In so doing, it noted that a failure to file such a charge "merely permits the employer to raise an affirmative defense of failure to exhaust . . . ." *Id.*; *see also id.* at 1186 n.11 ("the failure to exhaust is merely an affirmative defense subject to the principles of waiver and estoppel"). Lower courts in this circuit have split over whether *Lincoln* holds exhaustion is a condition precedent to suit or a true affirmative defense for which the defendant bears the burden. *Compare, e.g., Huffman v. Mirror, Inc.*, 497 F. Supp. 3d 988, 994 (D. Kan. 2020) (treating exhaustion as a condition precedent governed by Rule 9(c)); *Johnson v. Spirit Aerosys., Inc.*, No. 20-CV-00138-GKF-CDL, 2021 WL 6066701, at *5 (N.D. Okla. Mar. 26, 2021) (same) *with Hyman v. N.M. State Univ.*, No. CIV 18-1103, 2020 WL 1514801, at *25 (D.N.M. Mar. 30, 2020) (treating failure to exhaust as an affirmative defense for which the defendant bears the burden of showing that the complaint itself admits all the elements of the defense); *Tiger v. Powell*, No. 21-cv-01892, 2022 WL 4182413, at *9 (D. Colo. Sept. 13, 2022) (same), *appeal dismissed*, No. 22-1348, 2022 WL 19475059 (10th Cir. Dec. 6, 2022).

defendant, "is not an affirmative defense in the classical sense . . . ." *Id.* at 1041. It remains "a burden for plaintiffs to carry." *Montes*, 497 F.3d at 1167 & n.11 (citing *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995), and 2 Moore's Federal Practice ¶ 9.04[5]).[3]

Following this approach, the Court finds the pre-suit notification requirement of § 218d(g)(1)—if applicable—to be a condition precedent to suit for which Plaintiff bears the burden.[4] As in *Montes*, the notification requirement is in a section that delineates steps a prospective plaintiff must satisfy before "being given the keys to the courthouse door to file a complaint." *See* 29 U.S.C. § 218d(g)(1) ("before commencing an action under section 216(b) . . . for a violation of subsection (a)(2), an employee shall . . . ."). This also comports with how courts have treated other federal statutes that provide for notice and an opportunity to cure. *See, e.g., State Farm Fire & Cas. Co. v. Suburban Mfg. Co.*, No. 192CV225, 1995 WL 1945391, at *3 (N.D. Miss. Oct. 16, 1995) (finding the "opportunity to cure" in 15 U.S.C. § 2310(e) to be a condition precedent); *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 824 (S.D. Ohio 2012) (noting same for individual, not class, plaintiffs); *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 331 (5th Cir. 2012) (treating conciliation under Title VII as a condition precedent for pleading purposes); *cf. Gad*, 787

---

[3] It appears other circuits disagree with *Montes* and have found Title VII's various exhaustion requirements to be an affirmative defense that the defendant bears the burden of pleading and proving. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 490–91 (2d Cir. 2018) (collecting cases).

[4] No party has argued that pre-suit notification is a jurisdictional requirement. In any event, there is nothing in the structure of the statute that would indicate Congress intended it to be jurisdictional. The provision specifying pre-suit notification is not in the same provision as that granting jurisdiction to this Court to hear claims under the Act, and § 218d(g) does not speak in jurisdictional terms or in any way refer to the jurisdiction of the district courts. *Cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982) (applying a similar test to Title VII).

F.3d at 1041 (citing *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 485–87 (2015), for the proposition that conciliation is a condition precedent).

The Court, therefore, must look to the requirements for pleading a condition precedent.

## III. Standard of Review

Rule 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements" of her claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, she must provide "enough facts to state a claim to relief that is plausible on its face."[5] *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). Here, as to the elements of Plaintiff's actual claim, she has easily met this standard—pleading that R Bar provided a place where other employees could walk in and where she was being monitored by a

---

[5] Plaintiff's counsel argues a pleading is sufficient unless "it appears beyond doubt that Plaintiff can prove no set of facts . . . which would entitle her to relief. (ECF No. 22 at 1.) This standard has not applied to the sufficiency of pleadings under Rule 8 for more than 15 years. *See Twombly*, 550 U.S. at 562–63 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957), and noting that the "no set of facts" phrase is "best forgotten"); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (explaining that *Twombly*'s pleading standard applies to all civil actions). Counsel is cautioned against citing such out-of-date case law.

security camera. (ECF No. 15 ¶¶ 8–9.) *See* 29 U.S.C. § 218d(a)(2) (requiring a place shielded from view and free from intrusion from coworkers).

Instead, Defendant argues that Plaintiff has failed to plead pre-suit notification, which the Court has found is not an element of the underlying claim but is a condition precedent. Rule 9(c) provides,

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

Fed. R. Civ. P. 9(c). In the past, the Tenth Circuit has held that a plaintiff satisfies Rule 9(b) by averring generally that she has met all of the conditions precedent. *See Lumbermens Mut. Ins. Co. v. Bowman*, 313 F.2d 381, 387 (10th Cir. 1963) ("plaintiffs met the requirements of Rule 9(c), by averring generally in their complaint that they had fully complied with all of the terms and conditions of the policy").

Some courts have found that—after *Twombly* and *Iqbal*—Rule 9(c) similarly imposes a requirement that a plaintiff pleads facts plausibly showing that all conditions precedent have been met. They get to this point by extrapolating from *Iqbal's* treatment of the word "generally" in a different part of Rule 9—subsection (b). Rule 9(b) requires that, when pleading "fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). By contrast, "[m]alice, intent, knowledge, and other conditions of a person's mind may be allegedly <u>generally</u>." *Id.* (emphasis added). In *Iqbal*, the plaintiff asserted he could allege the defendants' "discriminatory intent 'generally,' which he equate[d] with a conclusory allegation." 556 U.S. at 686. The Supreme Court rejected this assertion, noting "'generally' is a relative term" and, in Rule 9(b), it "merely excuses a party from pleading discriminatory intent

8

under an elevated pleading standard. It does not give him license to evade the less rigid—though still operative—strictures of Rule 8." *Id*. at 686–87. "Rule 8 does not empower [a plaintiff] to plead the bare <u>elements</u> of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id*. (emphasis added). Some courts have found this reasoning to apply equally to Rule 9(c)'s use of the word "generally." *See, e.g., Peche v. Wavle*, No. 19-CA-1217, 2020 WL 7973919, at *4–5 (W.D. Tex. Apr. 28, 2020) (applying plausibility requirement and rejecting "Plaintiffs' conclusory statement that '[a]ll conditions precedent were performed or have occurred'"); *O.F.I. Imports Inc. v. Gen. Elec. Cap. Corp.*, No. 15-CV-7231, 2017 WL 3084901, at *5–6 (S.D.N.Y. July 20, 2017) (asserting "[t]here is 'no principled basis on which'" to read Rule 9(c) differently from Rule 9(b) (citation omitted)).

Such courts ignore the history and purpose of Rule 9, as well as the nature of conditions precedent. First, malice, intent, and similar conditions of the mind are often <u>elements</u> of a Plaintiff's cause of action and, thus, necessary to the "statement of the claim" required by Rule 8(a)(2). For example, in *Iqbal*, the Supreme Court found that the plaintiffs must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," which meant that "the plaintiff must plead and prove that the defendant acted with discriminatory purpose." 556 U.S. at 676. Conditions precedent, by contrast, can be—but often are not—an essential element of the claim itself. *See* A. Benjamin Spencer, 5A Federal Practice & Procedure (Wright & Miller) § 1303 & n.13 (4th ed.) ("it is the applicable substantive law that determines whether the

9

performance or occurrence of conditions precedent is an element of the claim") (collecting cases).[6]

Second, as Wright & Miller explain, Rule 9(c) "constitutes a departure from the requirement at common law that the occurrence or performance of each condition precedent be alleged in detail" and was "designed to eliminate the detailed and largely unnecessary allegations that resulted under the common law procedure and to prevent nonmeritorious dismissals for a failure to plead the fulfillment of conditions precedent that are not at issue in the suit or simply are overlooked accidentally by the pleader." *Id.* § 1302 (footnote omitted). In this context, the plain reading of Rule 9(c) is the logical reading. When pleading conditions precedent, the plaintiff can "allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). If a defendant wants to dispute this, it "must do so with particularity." *Id.*

The Court finds that conditions precedent may still be pled generally.

## IV. Plaintiff Has Adequately Alleged Any Conditions Precedent

As a preliminary matter, the Court rejects Defendant's argument that Plaintiff must allege she provided notice to R Bar to establish she is exempt from providing notice to R Bar. In response to Defendant's motion to dismiss, Plaintiff argues that her

---

[6] As such, Wright & Miller argue that conditions precedent need not be pled at all when they are not an element of the claim. *Id.*; *see also* 2 Moore's Federal Practice – Civil § 9.04[1] ("Neither Rule 9(c) nor Rule 8(a)(2) expressly requires that the performance or occurrence of conditions precedent be pleaded by a claimant. . . . However, some courts have found that such conditions must be at least generally alleged for the pleading to state a claim for relief. Other courts have rejected this position, holding that a claimant has no obligation in its own pleading to anticipate the defense that condition precedents have not been satisfied." (collecting cases)). Here, Plaintiff fails to argue no pleading is required, and the Court does not reach this issue. *Cf. Gad*, 787 F.3d at 1041 (noting, albeit in an opinion about summary judgment, a plaintiff's burden to properly plead a Title VII condition precedent).

10

allegations fall "under the second exception in 29 U.S.C. § 218D(g)(2)(B): 'the employer has indicated that the employer has no intention of providing the place described in subsection (a)(2).'" (ECF No. 22 at 2.) In reply, Defendant argues,

> this argument is unpersuasive as a matter of law as Plaintiff is not able to establish that Defendant has no intention of doing so <u>as she never even asked</u>. The addition of this [notice] requirement in the PUMP Act would be pointless if anyone would be able to . . . obviate it by simply saying that the defendant was never notified of an alleged failure because the plaintiff assumed it would be pointless to do so.

(ECF No. 23 at 1–2 (emphasis added) (footnote omitted).) Defendant's argument turns the structure of § 218d(g) on its head. Subsection (g)(1) only requires notification in cases that do <u>not</u> fall within subsection (g)(2). *See* 29 U.S.C. § 218d(g)(1)(A) ("Except as provided in paragraph (2), . . . an employee shall . . . notify the employer"); *id.* § 218d(g)(2)(B) ("Paragraph (1) shall not apply in a case in which . . . the employer has indicated that [it] has no intention of providing the place"). An employee does not have to comply with § 218d(g)(1) to show that compliance with § 218d(g)(1) was not necessary.

In any event, Plaintiff has stated enough to allege generally that the condition precedent has occurred (or, more accurately, that it does not apply in this case). Plaintiff alleges that, sometime prior to her situation, employees had requested an appropriate pumping space;[7] that R Bar stated it would comply with her right to pump but also said "in no uncertain terms" that she had to allow others into the office where she was pumping; that R Bar monitored her by security camera while she was pumping; and that

---

[7] The Court does not agree with Plaintiff that this allegation alone satisfies Plaintiff's own obligation to notify the employer of the "failure to provide" the required space. (ECF No. 22 at 2.) *See* 29 U.S.C. § 218d(g)(1)(A). Even read in the light most favorable to Plaintiff, this allegation indicates that someone other than Plaintiff asked for an appropriate space, not that Plaintiff herself complained that the space provided was insufficient under the law.

R Bar treated her with hostility and animosity when she needed to pump. (ECF No. 15 ¶¶ 8–10.) The Court accepts all well-pleaded allegations as true and views them in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Viewed in this light and looking <u>only</u> at the facts alleged by Plaintiff, the Court finds Forbes has alleged that R Bar indicated it had no intention of providing a space that complied with § 218d(a)(2).[8] Plaintiff has therefore adequately alleged—to the extent it is required—that she is not subject to the condition precedent found in § 218d(g)(1).

Accordingly, Defendant's motion is denied as to the PUMP Act.

## V.     **Plaintiff Fails to State a Claim under 29 U.S.C. § 207(r)**

As Defendant argued in its original motion and continues to note, 29 U.S.C. § 207(r) was repealed effective December 29, 2022. *See* Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, div. KK, § 102(a), 136 Stat. 4459, 6093. Plaintiff's claims relate to actions R Bar allegedly took after her return to work in March 2023. (ECF No. 15 ¶ 6.) Plaintiff has failed to state a claim under § 207(r).

## *Conclusion*

IT IS THEREFORE ORDERED that *Defendant's Motion to Dismiss Plaintiff's Amended Complaint* (ECF No. 21) is GRANTED IN PART and DENIED IN PART.

---

[8] In its briefing, Defendant disputes Plaintiff's version of the facts and offers additional facts that—if proven—it says will show it indicated an intention to comply with the PUMP Act. (*See, e.g.,* ECF No. 21 at 2 n.1; ECF No. 23 at 2 & nn. 1–2.) The Court cannot consider those facts at this time. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Peterson*, 594 F.3d at 727 (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

Plaintiff's claims under 29 U.S.C. § 207(r) are DISMISSED WITH PREJUDICE. Defendant's motion is otherwise denied.

ORDERED this 8th day of August, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT